ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ELAINE M. ACOSTA JAVIERRE<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE SERVICIO AL CONTRIBUYENTE<br><br>Recurrido | KLRA202400017 | **REVISIÓN** procedente del Departamento de Hacienda Oficina de Apelaciones Administrativas<br><br>Caso Núm.: **2017-EM-1050**<br><br>Sobre: Error Matemático Año 2015 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece ante nos, mediante *Recurso de Revisión de Decisión Administrativa del Departamento de Hacienda* presentado el 17 de enero de 2024, la señora Elaine M. Acosta Javierre (Sra. Acosta Javierre). Por medio del *Recurso,* la Sra. Acosta Javierre nos solicita que revoquemos la *Resolución*[1] de la Oficina de Apelaciones Administrativas del Departamento de Hacienda que declaró No Ha Lugar a la *Querella* y confirmó el error matemático para el año contributivo 2015.

El 22 de enero de 2024, concedimos un término de treinta (30) días para que el Negociado de Servicio al Contribuyente presentase su alegato en oposición. Transcurrido el término sin la comparecencia de la parte recurrida, procedemos a prescindir de su comparecencia con el propósito de lograr el más justo y eficiente despacho y proveer el más amplio acceso al Tribunal a tenor con la

---

[1] Apéndice del *Recurso de Revisión de Decisión Administrativa del Departamento de Hacienda*, Anejo V, págs. 24-29. Notificada y archivada el 18 de diciembre de 2023.

Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

Por los fundamentos que discutimos a continuación, confirmamos la *Resolución* de referencia.

I.

El 16 de agosto de 2017, el Negociado de Servicio al Contribuyente (Negociado) emitió una *Determinación Final* en la que le notificó a la Sra. Acosta Javierre sobre un error matemático para el año contributivo de 2015, por cual la Sra. Acosta Javierre era responsable por una deuda contributiva de $78,317.04.[2] En consecuencia, el 29 de septiembre de 2017, la Sra. Acosta Javierre recurrió ante la Secretaría de la Oficina de Apelaciones Administrativas (Secretaría) para objetar la *Determinación Final*. El 5 de noviembre de 2020, mediante *Contestación a Querella*,[3] el Negociado se sostuvo en su determinación. Así las cosas, la Secretaría procedió a resolver.

El 18 de diciembre de 2023, la Secretaría emitió la *Resolución* de la cual hoy se recurre. En la *Resolución*, la Secretaría hizo las siguientes determinaciones de hecho:

1. La parte Querellante [Sra. Acosta Javierre], como parte de un proceso de separación de empleo, recibió una compensación de $302,857.00.
2. Dicha compensación fue calculada siguiendo la fórmula dispuesta en la Ley 80-1976, según enmendada [Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, (29 LPRA sec. 185ª *et seq*.)].
3. La compensación recibida por la Querellante [Sra. Acosta Javierre] es considerada una Compensación Especial Pagada por Liquidación o Cierre de Negocios bajo el Artículo 10 de la Ley 80-1976, y libre de pago de contribuciones sobre ingresos.
4. En adición a los ingresos por salarios, la parte Querellante [Sra. Acosta Javierre] informó en el Anejo IE Individuo (Ingresos Excluidos y Exento), como Compensación Especial Pagada por Liquidación o Cierre de Negocios bajo el Artículo 10 de la Ley 80-1976, la cantidad de $301,857.00.

---

[2] *Íd*., Anejos II y VI, págs. 18 y 30.
[3] *Íd*., Anejo IV, págs. 20-23.

5. La parte Querellante [Sra. Acosta Javierre] no realizó el cómputo de la Contribución Básica Alterna.[4]

La Secretaría tuvo que resolver si la compensación de $302,857.00 se encontraba exenta del cómputo de la Contribución Básica Alterna. Luego de analizar las leyes y reglamentos pertinentes, determinó que dicha compensación no estaba contemplada explícitamente dentro de las excepciones de la definición de ingreso neto sujeto Contribución Básica Alterna al amparo de la Sección 1021.02 del Código de Rentas Internas, (13 LPRA sec. 30062) y el Reglamento Núm. 8329 del Departamento de Hacienda de 9 de enero de 2013 (Reglamento Núm. 8329).[5] En consecuencia, concluyó que la compensación recibida por la Sra. Acosta Javierre estaba sujeta a la Contribución Básica Alterna y que al no ser incluida en el cómputo de la planilla para el 2015, se cometió el error matemático. Así las cosas, la Secretaría confirmó la determinación del Negociado.[6]

Inconforme, el 17 de enero de 2024, la Sra. Acosta Javierre presentó el *Recurso de Revisión de Decisión Administrativa* ante nuestra consideración. En este, incluyó un señalamiento de error:

**LA OFICINA DE APELACIONES ADMINISTRATIVAS DEL DEPARTAMENTO DE HACIENDA ERRÓ AL CONFIRMAR EL ERROR MATEMÁTICO DE LA PLANILLA DE CONTRIBUCIÓN SOBRE INGRESOS DE INDIVIDUO CORRESPONDIENTE AL AÑO 2015 DE LA RECURRENTE.**

En su escrito, la Sra. Acosta Javierre reconoció que ni la Sección 1021.02(a)(1)(B) del Código de Rentas Internas, *supra*, ni el Artículo 1021.02-2(b)(2) del Reglamento Núm. 8329, *supra*, reconocen una exención a la Contribución Básica Alterna para aquellas compensaciones recibidas al amparo de la Ley Núm. 80-1976, *supra*, para el año 2015. Sin embargo, nos solicitó que

---

[4] *Íd*., Anejo V, pág. 25.
[5] *Íd*., pág. 27.
[6] *Íd*., págs. 27-28.

revoquemos la *Resolución* para "evitar que se frustre la clara intención legislativa para con los obreros que reciben una paga por separación que nace con un objetivo reparador".[7]

Discutidos los hechos, procedemos a revisar el derecho aplicable.

II.

A.

El Artículo 4.006 (c) de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, (4 LPRA sec. 24y (c)), faculta al Tribunal de Apelaciones a atender las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Los organismos administrativos merecen la mayor deferencia judicial, puesto que estos tienen el conocimiento especializado sobre los asuntos que les han sido delegados. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712 (2012). Al momento de revisar una decisión administrativa, el principio rector es el criterio de la razonabilidad de las decisiones y actuaciones de la agencia. *Íd.* Todas las decisiones administrativas gozan de una presunción de legalidad y corrección, por lo cual la parte que las impugne debe producir suficiente evidencia para derrotarla. *Íd.*

Las facultades adjudicativas de una agencia están regidas por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, (3 LPRA sec. 9601 *et seq.*) (LPAU) y por la jurisprudencia aplicable. La Sección 3.1 de la LPAU, *Íd.*, requiere que las agencias fundamenten sus resoluciones con determinaciones de hecho y conclusiones de derecho. Estas determinaciones deben reflejar que se consideraron y resolvieron los conflictos de prueba y, además, deben describir tanto los hechos

---

[7] *Íd.*, *Alegato del Recurrente*, pág. 4.

probados como los rechazados. *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 265 (2007). Por lo tanto, la facultad revisora de los tribunales está limitada a determinar: (1) que el remedio concedido por la agencia fuese el apropiado; (2) si las determinaciones de hecho estuvieron basadas en evidencia sustancial que obre en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta. LPAU, *supra*, sec. 4.5.

Sobre nuestra facultad revisora, el Tribunal Supremo ha expresado que:

> **[L]as determinaciones de hecho se deben sostener si se fundamentan en evidencia sustancial que surja de la totalidad del expediente administrativo**. Mientras, la deferencia antes mencionada **no se extiende de manera automática a las conclusiones de derecho** emitidas por la agencia, ya que estas serán revisables en todos sus aspectos por el tribunal. **Esto es, que el tribunal las puede revisar sin sujeción a norma o criterio alguno**. *Hernández Feliciano v. Mun. Quebradillas, supra*, pág. 115. (citas omitidas) (Énfasis nuestro).

"[L]os foros apelativos debemos diferenciar entre asuntos de interpretación estatutaria, en la que los tribunales son especialistas, y los asuntos propios de la discreción o la pericia administrativa". *Íd.*, pág. 116. Al revisar las determinaciones de hecho, los tribunales solo pueden sustituir su criterio por el de la agencia cuando las determinaciones no están fundamentadas en evidencia sustancial. "Evidencia sustancial es 'aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión'". *Empresas Ferrer v. A.R.Pe., supra*, pág. 266 (citando a *Hernández, Álvarez v. Centro Unido*, 168 DPR 592, 615 (2006)). La parte que impugne una determinación "tiene que convencer al tribunal de que la evidencia en la cual se apoyó la agencia para formular tales determinaciones no es sustancial". *Otero v. Toyota*, 163 DPR 716, 728 (2005).

Los tribunales les deben menor deferencia a las conclusiones de derecho de las agencias. *Hernández Feliciano v. Mun. Quebradillas, supra,* pág. 115. Aun así, la interpretación judicial del derecho no constituye una sustitución automática de las conclusiones de derechos de una agencia. *Íd.* En otras palabras, la deferencia disminuida no trata de una revisión *de novo.* El criterio administrativo solo debe ser descartado cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018).

B.

La interpretación de leyes es un ejercicio que los tribunales deben realizar cuidadosamente. "El éxito de nuestro sistema de poderes depende de que cada una de las ramas acepte y respete la autoridad de las otras y entienda la interrelación de sus funciones". *Senado v. Tribunal Supremo y otros,* 208 DPR 115, 135 (2021). Los tribunales no pueden imponer sus interpretaciones sobre la intención legislativa cuando el texto de una ley es claro y libre de toda ambigüedad. *González Hernández v. González Hernández,* 181 DPR 746 (2011). El Art. 22 del Código Civil de Puerto Rico, 31 LPRA sec. 5311., dispone que las palabras del texto de una ley se entienden por su "significado usual y corriente" y por el "use general y popular de las voces".

Ante la ambigüedad, los tribunales deben interpretar el significado de la ley a base de la intención legislativa. "Una expresión ambigua es la que es susceptible a dos o más significados, lo que requiere identificar, precisamente, cuál de las posibles definiciones es la correcta". *OCS v. Point Guard Ins.,* 205 DPR 1005, 1030 (2020). El Art. 23 del Código Civil, *supra,* dispone que "su sentido debe buscarse en su espíritu o en su intención, en su contexto y en comparación con otras palabras y frases que se relacionen". Sin

embargo, "[l]os tribunales no pueden, bajo el pretexto de buscar la intención legislativa en un estatuto, añadirle limitaciones o restricciones que no surjan de su texto". *González Hernández v. González Hernández, supra,* pág. 763. Nuestra interpretación debe "atribuirle un sentido que asegure el resultado que la Asamblea Legislativa o la agencia administrativa quiso obtener". *OCS v. Point Guard Ins., supra,* pág. 1030.

El Tribunal Supremo de Puerto Rico ha señalado que las leyes contributivas "deben recibir una interpretación razonable que tienda a llevar a efecto el propósito y la intención del legislador". *Lilly Del Caribe v. CRIM,* 185 DPR 239, 251 (2012). Las mismas deben de interpretarse de "forma justa y conforme a sus propios y expresos términos". *Yiyi Motors, Inc. V. E.L.A.,* 177 DPR 230, 250 (2009). Sin embargo, las exenciones contributivas son una excepción a la norma. Deben entenderse como un privilegio concedido por el Estado para negar los efectos de las leyes contributivas. *Interior Developers v. Mun. de San Juan,* 177 DPR 693 (2009). En consecuencia, **toda duda al respecto debe resolverse en contra de la existencia de la exención**. *Lilly del Caribe v. Mun. De Carolina,* 210 DPR 306 (2022).

Ahora bien, el ejercicio de descifrar la intención legislativa no es necesario cuando el texto de una ley es claro. "[C]uando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa". *Romero Barceló v. E.L.A.,* 169 DPR 460, 476-477 (2006). "[C]uando una ley es clara y no es ambigua no hay necesidad de mirar más allá de la letra en búsqueda de la intención legislativa". *Departamento Hacienda v. Telefónica,* 164 DPR 195, 215 (2005). En ocasión, el legislador omite alguna información en una ley o reglamento. Este silencio legislativo no debe achacarse al error del legislador. "No todo silencio es producto de la falibilidad del

legislador. En ocasiones, es parte del diseño legislativo; es decir, se trata de omisiones intencionales". J. M. Farinacci Fernós, *Hermenéutica puertorriqueña, Cánones de interpretación jurídica*, 1ª ed. rev., San Juan, Ed. Interjuris, 2019, pág. 155.

C.

La Ley Núm. 80-1976, *supra*, tiene como propósito proteger de "forma más efectiva el derecho del obrero puertorriqueño a la tenencia de su empleo mediante la aprobación de una ley que, a la vez que otorgue unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado, desaliente la incidencia de este tipo de despido". Exposición de Motivos, Ley Núm. 80-1976. Para lograr dichos propósitos, los empleados que sean despedidos injustificadamente tienen derecho a recibir la compensación de la mesada, que dependerá del tiempo que trabajó el empleado y el sueldo que devengaba. *SLG Pagán-Renta v. Walgreens*, 190 DPR 251 (2014); *Porto y Siruano v. Bently P.R., Inc.*, 132 DPR 331 (1992).

La Ley Núm. 80-1976 y sus enmiendas subsiguientes demuestran la clara intención del legislador de que la compensación por un despido injustificado esté libre de toda contribución sobre ingreso. La Ley Núm. 278-2008 enmendó los Artículos 7 y 10 de la Ley Núm. 80-1976 para "incluir como mesada exenta de deducciones por concepto de contribuciones sobre ingresos, toda cuantía recibida por obreros despedidos por las razones (d), (e) y (f) del Artículo 2 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada". Exposición de Motivos, Ley Núm. 278-2008.

Como la controversia ante la consideración de este Tribunal trata sobre una planilla para el año contributivo 2015, es imperativo que veamos las disposiciones de la Ley Núm. 80-1976 pertinentes para aquella fecha. El Artículo 1 de la Ley Núm. 80-1976 disponía que:

> **El pago de la indemnización provista por esta Ley**, al igual que cualquier pago voluntario equivalente que fuera pagado por el patrono al empleado por razón del despido del empleado, **estará libre del pago de contribuciones sobre ingresos**, independientemente de que dicho pago se realice al momento del despido o posteriormente, o se haga por razón de un acuerdo de transacción o en virtud de una sentencia judicial u orden administrativa. Cualquier cantidad pagada en exceso de la cuantía de la indemnización provista en esta Ley, quedará sujeta a contribución sobre ingresos. (Énfasis nuestro).

El Artículo 10 de la Ley Núm. 80-1976 disponía que:

> No se hará descuento alguno de nómina sobre la indemnización dispuesta por el Artículo 1 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, debiendo el patrono entregar íntegramente el monto total de la misma al empleado. **Aquella compensación entregada a un obrero por concepto de liquidación o cierre de negocios, o programas empresariales para compartir ganancias con los empleados cuando el despido de éste se fundamente en las razones expuestas en los incisos (d), (e) y (f) del Artículo 2 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, estará libre del pago de contribuciones sobre ingresos, pero podrá incluir aquellos otros descuentos acordados por el patrono y el empleado**. (Énfasis nuestro).[8]

Por lo tanto, la Ley Núm. 80-1976 tiene la clara intención de que las compensaciones que surjan en virtud de ésta estén exentas de contribuciones sobre ingresos. Ella no hace referencia alguna a la relación entre una compensación al amparo de la Ley Núm. 80-1976 y la Contribución Básica Alterna.

La Contribución Básica Alterna es una contribución determinada en un cómputo paralelo a la contribución regular, pero eliminando el beneficio de tasas contributivas preferenciales y varias deducciones y exenciones. Tiene como propósito "procurar que todo individuo haga una aportación mínima al estado [...]" y "recalcular el ingreso [del] contribuyente para eliminarle o reducirle el impacto de los beneficios de ciertas deducciones, exenciones y tratamientos

---

[8] La Ley Núm. 278-2008 enmendó el Artículo 10 de la Ley Núm. 80-1976 para leer como señalamos. El Artículo 10 fue enmendado posteriormente por el Artículo 4.11 de la Ley Núm. 4-2017 para disponer que: "No se hará deducción o retención alguna sobre la indemnización dispuesta por esta Ley, salvo por aquellas deducciones o retenciones requeridas por leyes aprobadas por el Congreso de los Estados Unidos de América".

que pueda reclamar [...]". C. E. Díaz Olivo, *Derecho Tributario: Contribución sobre ingresos*, 1ª ed. rev., Colombia, Ed. AlmaForte, 2022, págs. 63 y 65. Por lo tanto, la Contribución Básica Alterna fue conceptualizada como una excepción a las deducciones, exenciones y excepciones aplicables a la contribución sobre ingresos normal.

En lo pertinente a la Contribución Básica Alterna, la Sección 1021.02 del Código de Rentas Internas de Puerto Rico, *supra*, (13 LPRA sec. 30062), dispone que:

(a) *Imposición de la Contribución Básica Alterna a Individuos. —*
(1) *Regla general. —* Se impondrá, cobrará y pagará por todo individuo para cada año contributivo indicado a continuación, en lugar de cualquier otra contribución impuesta por esta parte, una contribución sobre el ingreso neto sujeto a contribución básica alterna, determinada de acuerdo a la siguiente tabla y reducida por el crédito básico alterno por contribuciones pagadas al extranjero (cuando la misma sea mayor que la contribución regular):
[...]
(2) *Ingreso neto sujeto a contribución básica alter*na. — Para fines de este apartado el término "ingreso neto sujeto a contribución alterna" significa:
(A) El ingreso bruto del contribuyente para el año contributivo, determinado conforme a lo dispuesto en la Sección 1031.01 de este subtítulo reducido por:
(i) Las exenciones establecidas en los párrafos (1), (2), (3)(A), (3)(B), (3)(L), (3)(M). (4)(D), (6), (7), (10), (11), (12), (15), (16), (17), (18), (20), (22), (23), (24), (25), (26), (27), (29), (30), (32), (33), (34 y (35) y (36) del apartado (a) de la Sección 1031.02.
(ii) El monto de los ingresos exentos recibidos de una compañía inscrita de inversión, a tenor con la Sección 1112.01,
(iii) Las deducciones admitidas por las Secciones 1033.01(a)(1), 1033.01(a)(4), 1033.01(b)(3), 1033.01(b)(4), 1033.02(c), 1033.02(d), 1033.02(e), 1033.05(a), 1033.07, 1033.13, 1033.15 y 1033.16, y aquella parte de la Sección 1031.03(a)(2) que se refiera a contribuciones sobre la propiedad, patentes y licencias pagadas durante el año contributivo y pagos por ser servicios públicos ("utilities") tales como, agua, electricidad y teléfono; y
(iv) Las concesiones de deducciones por exenciones personales y por dependientes dispuestas en la Sección 1033.18.
(B) [...]
(C) **Para propósitos de determinar el monto del ingreso neto sujeto a contribución básica**

> **alterna no aplicarán las exclusiones o exenciones de ingreso que no emanen de este Subtítulo, aunque las mismas estén concedidas por leyes especiales, excepto las dispuestas en la Ley 225-1995**, según enmendada, conocida como "Ley de Incentivos Agrícolas de Puerto Rico", **la Ley 73-2008**, según enmendada, conocida como "Ley de Incentivos Económicos para el Desarrollo de Puerto Rico", o cualquier ley análoga anterior o posterior, la **Ley 83-2010**, conocida como la "Ley de Incentivos de Energía Verde de Puerto Rico", o cualquier otra ley anterior o subsiguiente de naturaleza similar, o en la **Ley 78-1993**, según enmendada, conocida como "Ley de Desarrollo Turístico de Puerto Rico de 1993", o cualquier otra ley sucesora, incluyendo la ley conocida como "Ley de Desarrollo Turístico de Puerto Rico de 2010", o en la **Ley 20-2012**, según enmendada, mejor conocida como "Ley Para Fomentar la Exportación de Servicios", o cualquier otra ley sucesora, o la **Ley 22-2012**, según enmendada, mejor conocida como "Ley para Incentivar el Traslado de Individuos Inversionistas a Puerto Rico", o cualquier otra ley sucesora, o la **Ley 14-2017**, conocida como "Ley de Incentivos para la Retención y Retorno de Profesionales Médicos". (Énfasis nuestro).

Como podemos ver, el Código de Rentas Internas contiene un listado taxativo de las exclusiones y exenciones de ingresos aplicables al cómputo del monto del ingreso neto sujeto a la Contribución Básica Alterna. Aunque esta Sección ha sido enmendada para incluir leyes como la Ley Núm. 4-2017, la Asamblea Legislativa no ha integrado a la Ley Núm. 80-1976 como excepción al cómputo de la Contribución Básica Alterna.

El Reglamento Núm. 8329, *supra*, abunda sobre el tema pero tampoco incluye a la Ley Núm. 80-1976. El Artículo 1021.02-2 dispone que:

> Artículo 1021.02-2- Ingreso neto sujeto a contribución básica alterna. –
> (a) [...]
> (b) **Exenciones y exclusiones** de leyes especiales-
> (1) Regla general.- **Según dispuesto en la Sección 1021.03(a)(2)(B), las exclusiones, exenciones o deducciones concedidas bajo leyes especiales o no contempladas en el Subtítulo A del Código, no reducirán el ingreso bruto del contribuyente para propósito de la determinación del ingreso neto sujeto a contribución básica alterna**. Por tanto, **en la**

**determinación del ingreso neto sujeto a contribución básica alterna, el ingreso bruto ajustado del contribuyente para el año contributivo deberá ser aumentado por aquellas exclusiones, exenciones o deducciones que no surjan de la Sección 1021.02(a)(2)(A) del Código y aquellas exclusiones, exenciones o deducciones que surjan de leyes especiales.**

(2) **Excepción**. – Para propósitos de determinar el ingreso neto sujeto a contribución básica alterna, se admitirán las exclusiones y exenciones dispuestas en las siguientes leyes:

**Ley 225-1995**, según enmendada, conocida como "Ley de Incentivos Agrícolas de Puerto Rico";

**Ley 73-2008**, según emendada, conocida como "Ley de Incentivos Económicos para el Desarrollo de Puerto Rico, o cualquier ley análoga anterior o posterior, incluyendo las Leyes Núm. 73-2008, Núm. 135-1997, Núm. 8 de 24 de enero de 1987, Núm. 26 de 2 de junio de 1978, y Núm. 57 de 13 de junio de 1963 todas según enmendadas, incluyendo los dividendos distribuidos bajo dichas leyes;

**Ley 83-2010**, conocida como la "Ley de Incentivos de Energía Verde de Puerto Rico", o cualquier otra ley anterior o subsiguiente de naturaleza similar;

**Ley 78-1993**, según enmendada, conocida como "Ley de Desarrollo Turístico de Puerto Rico de 1993", o cualquier otra ley sucesora, incluyendo la ley conocida como "Ley de Desarrollo Turístico de Puerto Rico de 2010"; y

**Ley 168 de 30 de junio de 1968**, según enmendada, conocida como "Ley de Incentivos de Facilidades Hospitalarias", incluyendo los dividendos distribuidos bajo dicha ley. (Énfasis nuestro).

Donde único se discute la Ley Núm. 80-1976 en el Código de Rentas Internas es en la Sección 1031.01(b)(15), que dispone:

**Sección 1031.01. — Ingreso Bruto.**
**(a)** *Definición General.* — Salvo que se disponga de otro modo en este Código, el término "Ingreso bruto" significa todo ingreso, ganancia, o beneficio recibido o derivado de cualquier procedencia. Ingreso bruto incluye, pero no se limita a las siguientes clases de ingresos:
        […]
**(b)** *Exclusiones del Ingreso Bruto.* — Las siguientes partidas serán excluidas de la definición de ingreso bruto:
        […]
        **(15)** Las compensaciones o indemnizaciones recibidas por un empleado por razón de despido, sin que sea necesario determinar su justa causa, hasta una cantidad máxima equivalente a la indemnización que el

empleado pudiese recibir al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada.

                                    III.

Como hemos señalado, la Asamblea Legislativa no incluyó a la Ley Núm. 80-1976 dentro de las excepciones al cómputo de la Contribución Básica Alterna. Al día de hoy, aún no la han incorporado. Los tribunales no pueden imponer sus interpretaciones sobre el texto de una ley que es claro y manifiesto. "[C]uando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa". *Romero Barceló v. E.L.A.*, *supra*. Debemos partir de la premisa de que el legislador estaba consciente del esquema contributivo del Código de Rentas Internas y de la Ley Núm. 80-1976 y que su silencio no fue por error o negligencia.

Consideramos claro y manifiesto que las leyes incluidas en el texto de la Sección 1021.02 del Código de Rentas Internas, *supra*, y en el Artículo 1021.02-02 del Reglamento Núm. 8329, *supra*, fueron seleccionadas deliberadamente. "No todo silencio es producto de la falibilidad del legislador. En ocasiones, es parte del diseño legislativo; es decir, se trata de omisiones intencionales". J. M. Farinacci Fernós, *op. cit.*, pág. 155.

Recordemos que la Contribución Básica Alterna le garantiza una contribución mínima al Estado que, para lograr su propósito, elimina ciertas exenciones, deducciones y tratamientos aplicables a la contribución sobre ingresos normal. A la misma vez, cualquier duda sobre la existencia de una exención contributiva debe ser resuelta en contra de su existencia. Por la naturaleza de la Contribución Básica Alterna, y por las normas que rigen la interpretación de leyes contributivas, entendemos que la determinación de la Secretaría de la Oficina de Apelaciones Administrativas fue correcta.

IV.

Por los fundamentos discutidos, confirmamos la *Resolución* de la Secretaría de la Oficina de Apelaciones Administrativas del Departamento de Hacienda.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

El juez Marrero Guerrero disiente, al considerar, tal y como es reconocido en la página 9 de la Sentencia mayoritaria, que la Ley Núm. 80-1976 tiene la clara intención de que las compensaciones que surjan en virtud de ésta estén exentas de contribuciones sobre ingresos. Así las cosas, suscribo las siguientes expresiones consignadas por un Panel Hermano de este Tribunal en el Caso Núm. KLRA202300193, Sentencia de 26 de junio de 2023:

> " [...] A nuestro entender, constituye un contrasentido concluir que un obrero está exento de pagar contribuciones sobre la compensación especial recibida por este al amparo del Art. 10 de la Ley Núm. 80 pero que, sin embargo, debe incluir dicha cuantía en el cálculo para determinar su ingreso neto sujeto a contribución básica alterna. Lo anterior implicaría derrotar por completo la intención del Estado de proteger a aquellos trabajadores que, por razones fueras de su alcance, quedan desprovistos de un empleo con el cual sustentarse."

El resultado anunciado hoy, tan distinto al alcanzado en la referida Sentencia, tiene el efecto de quebrantar para la recurrente, comparado su caso con el de la querellante-recurrente en el caso KLRA202300193, uno de los principios que, a nuestro modo de ver, deben guiar nuestra función adjudicativa: brindar trato similar a personas en las mismas circunstancias.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones